ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARK D. ETIENNE,

    Plaintiff,

vs.

VERIZON WIRELESS INC.,

    Defendant.
-------------------------------------------------------x

05 CIV. 2631

COMPLAINT

Judge McMahon

By and through his attorney, Michael H. Sussman, plaintiff, Mark D. Etienne, complains of defendant, his former employer, as follows:

**PARTIES**

1. Plaintiff, Mark D. Etienne, resides in the City of Middletown, County of Orange, State of New York, within this judicial district.

2. Defendant, Verizon Wireless, Inc., is a company doing business within this judicial district. It may sue and be sued and, at all relevant times, was required to comply with federal anti-discrimination laws.

**JURISDICTION**

3. As plaintiff claims that defendant violated his federally-conferred civil rights, this Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. Secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1981-a and 1988. As plaintiff's state law claims arise from the same nucleus of operative facts as his federal



claims, this Honorable Court has supplemental jurisdiction over them pursuant to 28 U.S.C. sec. 1367.

### FACTUAL AVERMENTS

4. Plaintiff commenced working for defendant in June 2001 as a customer service representative.

5. Plaintiff is a dark skinned male from Haiti. He is a permanent resident alien awaiting citizenship.

6. Plaintiff's job performance was fully satisfactory and he was promoted to the position of senior customer service representative in 2003.

7. In early January 2005, plaintiff was accused of violating company policy by engaging in sexual harassment.

8. Plaintiff denies that he sexually harassed anyone as defined in the company's handbook.

9. Defendant failed to provide plaintiff the opportunity to defend himself against the allegations of sexual harassment.

10. This failure is inconsistent with company policy which commits the company to the "thorough" investigation of such complaints.

11. The women who accused plaintiff of sexual harassment had plain motives to so accuse him; understanding these motives would have led a neutral finder of fact to discount the allegations.

12. Plaintiff was also treated disparately compared to a white male accused of sexual harassment by two female employees.

13. In 2004, two women independently informed Tom Bowe, a white manager, that a white male was sexually harassing them.

14. Management took no known disciplinary action against this Caucasian, Daniel Goia, who continues to work for defendant.

15. The deviations from company policy and its selective enforcement support plaintiff's conclusion that defendant discriminated against him on the basis of his race and national origin.

16. In 2004, an Iranian male filed suit in this Court alleging that defendant had discriminated against him on the basis of his national origin.

17. In said suit, this plaintiff claimed that he was subject to blatant bigoted comments at the work place.

18. An agent of this defendant interviewed plaintiff concerning the allegations made in this prior civil rights suit.

19. Plaintiff confirmed that he had heard some of the bigoted comments directed toward this Iranian worker.

20. As a consequence of his termination in early January 2005, plaintiff has suffered pecuniary and non-pecuniary damages.

21. Specifically, plaintiff has lost salary, health insurance, pension

contributions and other benefits of employment.

22. Plaintiff has been embarrassed and humiliated by his termination.

23. To date, despite assiduous effort, plaintiff has been unable to find comparable employment.

## CAUSES OF ACTION

24. Plaintiff incorporates paras. 1-23 as if fully re-written herein.

25. By terminating plaintiff on the basis of his race and national origin, defendant violated 42 U.S.C. sec. 1981-a.

26. By terminating plaintiff on the basis of his race and national origin, defendant violated section 296 of the Executive Law of the State of New York.

27. By terminating plaintiff for his cooperation with a civil rights plaintiff, defendant retaliated against plaintiff in violation of section 296 of the Executive Law of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide all issues within its purview;

c) award to plaintiff compensatory damages with pre- and post-judgment interest;

d) award to plaintiff punitive damages for the malicious and blatant violation of his rights as engaged in by defendant;

e) reinstate plaintiff to his former job with back benefits or, in the alternative, award plaintiff front pay;

f) order defendant to pay the reasonable attorney fees and costs incurred by plaintiff in and through the prosecution of this matter and

g) enter any other the interests of justice and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN (3497)

LAW OFFICES OF MICHAEL H. SUSSMAN
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: 7 MARCH 2005